IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERARDO REYNA-SALGADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 25-3236-JWL |
| ) | |
| KRISTI NOEM, Secretary, ) | |
|    Department of Homeland Security; ) | |
| PETE R. FLORES, Commissioner, ) | |
|    U.S. Customs and Border Protection; ) | |
| RICARDO WONG, Field Office Director, ) | |
|    ICE ERO Chicago; and ) | |
| C. CARTER, Warden, FCI-Leavenworth, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **December 22, 2025**, and shall provide notice to this Court when that release is effected.

In December 2024, after a state-court conviction for domestic battery, petitioner was taken into custody by immigration officials; and on February 21, 2025, the immigration court granted petitioner's request for withholding of removal to his home country of Mexico. Petitioner is presently in custody within this judicial district.

Petitioner filed his first habeas petition seeking his release in July 2025, and on August 11, 2025, the Court denied the petition on the basis that petitioner's detention remained presumptively reasonable because six months had not passed since his removal order. *See Reyna-Salgado v. Noem (Reyna-Salgado I)*, 2025 WL 2550346 (D. Kan. Aug. 11, 2025) (Lungstrum, J.). On August 26, 2025, petitioner filed a second petition, which the Court denied by Memorandum and Order of October 3, 2025. *See Reyna-Salgado v. Noem (Reyna-Salgado II)*, 2025 WL 3209007 (D. Kan. Oct. 3, 2025) (Lungstrum, J.). The Court held that petitioner had not met his burden under the applicable *Zadvydas* standard (discussed below) because officials had made attempts to remove him to three alternative countries and his detention had lasted only slightly longer than six months since his removal period began on March 23, 2025. *See id.* at *2.

Petitioner initiated the present action by filing his third habeas petition on October 31, 2025. Respondents have filed an answer, petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). In this case,

the removal period began on March 23, 2025, when petitioner's order of withholding became administratively final after neither side filed an appeal within 30 days. *See id.* § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(c).[1]  Specifically, petitioner claims that because more than six months have now elapsed since the beginning of the removal period, his detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the

---

[1] The Court applied this same removal period date in *Reyna-Salgado II*, and petitioner has not challenged that decision in the present case. Neither party has submitted petitioner's actual removal order in any of the three cases, and petitioner has not alleged that both parties had waived appeal by the time of the removal order (which waiver would have allowed the removal period to begin as of the date of the order).

> Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court concludes that petitioner has now provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and that respondents have failed to rebut that showing; thus, petitioner has now satisfied the *Zadvydas* standard. In response to the first petition, respondents submitted a declaration, dated July 31, 2025, in which an official stated that "DHS has attempted to remove

4

Petitioner to three alternative countries with no success." In response to the second petition, respondents submitted a declaration, dated September 25, 2025, in which a different official made the same statement. Now in response to the third petition, by declaration dated November 25, 2025, the second official has made the identical statement, again with no details concerning those attempts. Thus, it appears that officials have not made any new attempts to remove petitioner in the last four months, and respondents have not offered any reason for that failure. The latest declaration also contains a statement that the declarant reached out to other immigration officials on November 18, 2025, "to inquire about other potential countries to which Petitioner could be removed." The declarant did not tell the Court what response she received to that inquiry, however, and the mere fact that she asked a question to others within the department does not provide any evidence concerning the likely date of petitioner's eventual removal. Officials have not even identified a country that they are actively investigating – or might investigate – for the purpose of petitioner's removal. The declarant states that ICE will continue its efforts to identify alternate countries; but that statement does not provide evidence that petitioner's removal is reasonably likely to occur in the foreseeable future – particularly given the lack of any attempts since July and the absence of any details concerning ongoing efforts to identify a possible removal destination. Finally, the declarant concedes that immigration officials have not even made the required 90-day custody determination after a review that began last April – over eight months ago! – and that failure belies any suggestion that officials have acted with diligence in petitioner's case.

Petitioner's detention has become unreasonably indefinite, and petitioner must therefore be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700. Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **December 22, 2025**.

IT IS THEREFORE ORDERED BY THE COURT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **December 22, 2025**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 12th day of December, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge